IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF SOUTH CAROLINA
GREENVILLE DIVISION

CIVIL ACTION NO.: 7:15-cv-04927-MGL

| | |
|---|---|
| Frederick Charles Davy and Sharon Lee Davy, and on behalf of a Class of Individuals Similarly Situated<br><br>    Plaintiff(s),<br><br>vs.<br><br>Duke Energy Carolinas, LLC, Energy Conservation Solutions, Inc., Green Sky Trade Credit, LLC, SunTrust Banks, Inc., and Spartanburg County Building Codes and Fire Services,<br><br>    Defendant(s). | **AMENDED COMPLAINT**<br>(Negligence)<br>(Fraud)<br>(Class Action)<br>(Declaratory Judgment) |

TO DEFENDANTS NAMED ABOVE:

## NATURE OF THE ACTION

    A.    Plaintiff brings this action as a Class Action pursuant to Rule 23 of the S.C.R.C.P. and seeks specifically under Rule 23(a)(2) to serve as the Class Representative to sue on behalf of all members of the class because there are questions of law and fact that are common to the class.

    B.    That the S.C.R.C.P. Rule 23(a)(1) requirement of numerosity is met in that all South Carolina residents have been targeted, the joinder of whose claims would be impracticable.

    C.    That the S.C.R.C.P. Rule 23(a)(2) requirement of commonality is met in that all members of the class were maliciously targeted to enter into wrongful and improper agreements to purchase improper and fraudulent solar panel systems for residential purposes. Furthermore,

all members suffered from the same wrongful acts of the Defendants, namely: fraud, gross negligence, negligent supervision, violations of the South Carolina Consumer Protection Act, wrongful billing, unjust enrichment, negligence per se, and the unlicensed practice of electrical work. Although the degree of harm and damage may differ among class members, the wrongful acts committed by the Defendants were common across all class members.

D. That the S.C.R.C.P. Rule 23(a)(3) requirement of typicality is met because the named class representative's claims are essentially the same as those of the class members and arise from the same course of conduct by the Defendants that creates the claims of the class members.

E. That the S.C.R.C.P. Rule 23 (a)(4) requirement of adequacy is met because:

i. The Class Representative has no interests that are antagonistic to the absent class members; and,

ii. Counsel representing the class is experienced, qualified, and capable of litigating the case competently.

F. That the S.C.R.C.P Rule 23(a)(5) requirement of $100 in controversy per class member is met because of the fraud, gross negligence, negligent supervision, violation of the South Carolina Consumer Protection Act, wrongful billing, unjust enrichment, negligence per se, and the unlicensed practice of electrical work regarding solar panel systems suffered by each class member who were wronged by Defendants. Additionally, class members seek a Declaratory Judgment as to the Strict Tort Liability of the Defendants.

PARTIES AND JURISDICTION

1. That the parties and subject matter herein contained are within the jurisdiction of this Honorable Court.

2. That the Plaintiffs are residents of the County of Spartanburg, State of South Carolina.

3. That the Defendant Duke Energy Carolinas, LLC (Hereinafter "Duke Energy") is a limited liability company duly organized under the laws of North Carolina and conducts utility business in the State of South Carolina with a South Carolina registered agent named CT Corporation System, 2 Office Park Court, Columbia, SC 29223.

4. That the Defendant Energy Conservation Solutions, Inc. (Hereinafter "ECS") is a company duly incorporated under the laws of North Carolina and conducts home solicitation of solar energy goods in the State of South Carolina with a South Carolina registered agent named Northwest Registered Agent, LLC, 6650 River Avenue, Charleston, SC 29406.

5. That the Defendant GreenSky Trade Credit, LLC (Hereinafter "GreenSky") is a limited liability company duly organized under the laws of Georgia and conducts business in the State of South Carolina with a South Carolina registered agent named National Registered Agents, Inc., 2 Office Park Court, Columbia, SC 29223.

6. That the Defendant SunTrust Banks, Inc. (Hereinafter "SunTrust") is a company duly incorporated under the laws of Georgia and conducts business in the State of South Carolina with a South Carolina registered agent named Corporation Service Company, Inc., 1703 Laurel Street, Columbia, SC 29201.

7. That the Defendant Spartanburg County Building Codes and Fire Services is a South Carolina Agency located at 336 North Church Street, Spartanburg, SC 29303.

## FACTS

8. That on or about April 28, 2014, Defendant ECS conducting home solicitation regarding solar panel systems at Plaintiffs' residence in Spartanburg County.

9. That on or about April 28, 2014, Plaintiff, Frederick Davy, and Defendant ECS executed a sales agreement regarding the purchase and installation of a solar panel system.

10. That the sales agreement between Plaintiffs and ECS states that the sale is from a home solicitation and that the instrument is non-negotiable.

11. That the sales agreement between Plaintiffs and ECS states that the solar system would be financed by ECS, which includes eighteen (18) months no payments and no interest.

12. That the sales agreement between Plaintiffs and ECS states that the cost of the solar system is $29,095.00.

13. That Plaintiffs received a letter from Defendant GreenSky dated April 29, 2014 stating that Plaintiffs obtained a "GreenSky Installment Loan" with a credit limit of $25,000.00.

14. That Plaintiffs had not executed an agreement with GreenSky regarding the financing of the solar system.

15. That Defendant GreenSky sent Plaintiffs multiple bills for finance and interest charges.

16. That Plaintiffs received notification from Defendant GreenSky regarding use of personal information, which states that Defendant SunTrust is the actual provider of the notification.

17. Upon information and belief, Defendant GreenSky is affiliated with or is an agent of Defendant SunTrust in connection with the financing of the solar panel system.

18. That on or about July 30, 2014, Defendant ECS presented a contract entitled "Interconnection Agreement," which Plaintiffs executed. ECS represented that that Duke Energy was aware of the system installed by ECS. Defendant ECS represented that Duke Energy would inspect the solar system installation and excess power would be sold back to Duke Energy further reducing Plaintiffs' power responsibility to Duke Energy.

19. That on or about October 16, 2014, Defendant Duke Energy presented a contract entitled "Interconnection Agreement," which Plaintiffs executed. The execution date of this contract is October 10, 2014. This agreement being nearly an exact copy of the agreement presented by ECS on or about October 10, 2014.

20. That the Spartanburg County Building Codes and Fire Services issued an approved Inspection Card regarding the "wire for solar panel" dated September 24, 2014 and was dated as "OK" on September 26, 2014.

21. That the inspector from Spartanburg County Building Codes and Fire Services walked around the property but failed to properly inspect the solar panel installation.

22. That approximately during October 29-30, 2014, an employee from Duke Energy inspected and approved the solar system, installed the Duke Energy panel box then informed Plaintiffs that the solar system was operational.

23. That Defendant ECS sent Kevin Kutsch d/b/a Lighting Electric Company to install the electrical portions of the solar panel system. After Kutsch's failure to remedy the situation, Defendant ECS sent Brown Electric to work on electrical portions of the solar panel system due to the failure of the system to operate. Upon information and belief, neither Kutsch nor Brown Electric properly remedied the improper solar panel system.

24. That Kutsch and Brown Electric are employees and/or agents of Defendant ECS, and neither Kutsch nor Brown Electric are license to perform electrical services by the State of South Carolina.

25. That the solar panel system never operated correctly, continues to be a failure and Defendant ECS refused and continues to refuse to cure the defects.

26. That Plaintiffs informed Defendants ECS and Duke Energy that the system failed to work properly.

27. That Plaintiffs' utility bills substantially increased after the installation of the system in contrast to the guarantees and representations by Defendants.

28. That the solar panel system is improper, fails to perform and is fraudulent.

29. That Defendants ECS, Duke Energy, and Spartanburg County Building Codes and Fire Services present themselves as experts in their relative fields and failed to uphold their obligations and duties to Plaintiffs.

30. That Defendants ECS, Duke Energy, and Spartanburg County Building Codes and Fire Services represented and informed Plaintiffs that the solar panel system was operational and safe.

31. That Defendants acts and/or omissions caused and continue to cause damage to Plaintiffs. These acts and/or omissions have created a hazard in Plaintiffs' home.

**On behalf Plaintiffs Frederick Davy and Sharon Davy, Individually**

**First Cause of Action Violation of Unfair Trade Practices Act**
**SC Code Ann. § 39-5-10 et seq. as to Defendants ECS and GreenSky**

32. That Plaintiffs incorporates herein by reference all allegations heretofore set forth as if fully set forth verbatim herein.

33. That Defendants violated S.C. Code §§ 39-5-10 *et seq.* and Plaintiff has a private right of action pursuant to S.C. Code § 39-5-20(a).

34. That Defendants made false assurances to Plaintiffs regarding the solar panel system which misled Plaintiffs, caused and continue to cause injury to Plaintiffs.

35. That Defendants' actions toward Plaintiffs can be repeated with other consumers in the future unless otherwise deterred.

36. That Plaintiffs suffered a pecuniary loss based on Defendants' deceptive assurances.

37. That Plaintiffs are entitled to any monies received by Defendants from Plaintiffs and any ancillary expenses associated with Defendants' wrongful conduct.

38. That Plaintiffs are entitled to treble damages for Defendants' use of unfair and deceptive practices in accordance to the Act.

39. That Plaintiff is entitled to attorney's fees.

**On behalf of Members of the Class by and through Plaintiffs Frederick and Sharon Davy**
**Second Cause of Action–Fraud as to Defendant ECS**

40. Plaintiff incorporates herein by reference all allegation heretofore set forth.

41. That Defendants ECS made multiple false representations that were material to the purchase of the subject solar panel system with knowledge of the falsity, or a reckless disregard of its truth or falsity with the intent that the representations would be acted upon by Plaintiffs. Plaintiffs had no knowledge and were ignorant of the truth. Plaintiffs rightfully relied upon the representations of Defendants.

42. As a direct and proximate cause of the above-referenced negligent actions, omissions and breaches of the duty of care by Defendants, Plaintiffs have suffered and will continue to suffer actual and consequential damages that were foreseeable to Defendants. Furthermore, Plaintiffs' damages would not have occurred but for Defendants' negligence and/or gross negligence, recklessness, maliciousness and wantonness, thus, these actions/omissions warrant punitive damages against the Defendants' to deter this type of behavior in the future.

**Third Cause of Action – Negligent Misrepresentation as to Defendant ECS**

43. That Plaintiffs incorporates herein by reference all allegations heretofore set forth as if fully set forth verbatim herein.

44. That Defendants made false representations to Plaintiffs.

45. That Defendants had a pecuniary interest in making the alleged false statements.

46. That Defendants have a duty of care to see that truthful information was communicated to Plaintiffs.

47. That Defendants breached the duty by failing to exercise due care.

48. That Plaintiffs justifiably relied upon the representations.

49. As a direct and proximate cause of the above-referenced fraudulent acts and/or omissions by Defendants, Plaintiffs have suffered and will continue to suffer actual and consequential damages that were foreseeable to Defendants. Furthermore, Plaintiffs' damages would not have occurred but for Defendants' fraudulent acts and/or omissions, thus, these actions/omissions warrant punitive damages against the Defendants' to deter this type of behavior in the future.

### Fourth Cause of Action –Negligent Supervision as to all Defendants

50. That Plaintiffs incorporates herein by reference all allegations heretofore set forth as if fully set forth verbatim herein.

51. That all Defendants owed a duty to Plaintiffs to properly supervise Defendants' employees acting on behalf and using the facilities and chattels of Defendants.

52. That Defendants failed to properly supervise employees while they committed the acts and/or omissions alleged in this Compliant, and this failure constitutes negligence.

53. As a direct and proximate cause of the above-referenced negligent actions, omissions and breaches of the duty of care by Defendants, Plaintiffs have suffered and will continue to suffer actual and consequential damages that were foreseeable to Defendants. Furthermore, Plaintiffs' damages would not have occurred but for Defendants' negligence and/or gross negligence, recklessness, maliciousness and wantonness, thus, these actions/omissions warrant punitive damages against the Defendants' to deter this type of behavior in the future.

### Fifth Cause of Action – Negligence/Gross Negligence as to all Defendants

54. That Plaintiffs incorporates herein by reference all allegations heretofore set forth as if fully set forth verbatim herein.

55. That all Defendants owed a duty of care to Plaintiffs.

56. That all Defendants breached all duty of care owed to Plaintiffs and this failure constitutes negligence.

   a. Defendant Duke Energy breached its duty to Plaintiffs by failing properly inspect the solar panel system. Defendant Duke Energy breached its duty to Plaintiffs by allowing Defendant ECS to perform work on electrical power devices owned and/or operated by Defendant Duke Energy. Defendant Duke Energy breached its duty to Plaintiffs by failing to adequately investigate solar panel companies prior to allowing said companies to perform modifications to electrical devices owned and/or operated by Defendant Duke Energy.

   b. Defendant ECS breached its duty to Plaintiffs by failing to properly install the solar panel system. Defendant ECS breached its duty to Plaintiffs by failing to provide Plaintiffs with proper information regarding the financing of the solar panel system.

   c. Defendant Spartanburg County Building Codes and Fire Services by failing to properly inspect the solar panel system.

   d. Defendants GreenSky and SunTrust breached their duty to Plaintiffs by failing to properly inform Plaintiffs of the financing agreement.

57. As a direct and proximate cause of the above-referenced negligent actions, omissions and breaches of the duty of care by Defendants, Plaintiffs have suffered and will continue to suffer actual and consequential damages that were foreseeable to Defendants. Furthermore, Plaintiffs' damages would not have occurred but for Defendants' negligence and/or gross negligence, recklessness, maliciousness and wantonness, thus, these actions/omissions warrant punitive damages against the Defendants' to deter this type of behavior in the future.

### Sixth Cause of Action – Violation of Consumer Protection Code (SCCPC)
### SC Code §§ 37-1-101 et seq. as to Defendants GreenSky, SunTrust and ECS

58. That Plaintiffs incorporates herein by reference all allegations heretofore set forth as if fully set forth verbatim herein.

59. That Plaintiffs are consumers pursuant to the Consumer Protection Code.

60. That Defendants GreenSky, SunTrust and ECS are creditors pursuant to the Consumer Protection Code.

61. That Defendants GreenSky, SunTrust and ECS committed multiple violations of Consumer Protection Code by engaging in wrongful installment loan procedures with Plaintiffs.

62. That Plaintiffs are entitled to the statutorily provided damages due to the violations of the Consumer Protection Code by Defendants GreenSky, SunTrust and ECS.

WHEREFORE, the Plaintiffs and Plaintiffs' Class prays unto This Honorable Court for judgment against Defendants as follows:

1. For a reasonable amount of actual damages;

2. For an exemplary amount of punitive damages;

3. For disgorgement of all improper acts and/or omissions from the Plaintiffs' Class or Plaintiffs' Class;

4. For a Declaratory Judgment as to as SC law regarding strict liability for unreasonably dangerous activities and the encompassing of the instant activities;

5. For a reasonable amount of attorneys' fees; and

6. For designation and certification as a class of Plaintiffs.

**ATTORNEYS FOR THE PLAINTIFF AND PLAINTIFFS' CLASS**

        **TD HILKA LAW, LLC**
        s/ Travis Dane Hilka
        Travis Dane Hilka, Esq.
        Attorneys for Plaintiff

Post Office Box 6442
Spartanburg, SC 29304
Phone: (864) 494-4100
Fax: (864) 585-0068
TDHilka@gmail.com

**Timothy M. Ray**
Attorney for Plaintiff
184 N. Daniel Morgan Avenue
Spartanburg, SC 29306
Phone: (864) 542-2800
Fax: (864) 585-0068

Spartanburg, SC
January 8, 2015