**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| Fredrick Charles Davy and Sharon Lee Davy,<br><br>Plaintiff,<br><br>vs.<br><br>Duke Energy of The Carolinas, LLC, Energy Conservation Solutions, Inc., GreenSky Trade Credit, LLC, and Spartanburg County Building Codes and Fire Services,<br><br>Defendants. | Civil Action No. 7:15-CV-04927-MGL<br><br>**DEFENDANT GREENSKY TRADE CREDIT, LLC'S  JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MEMORANDA IN SUPPORT** |

Defendant, Green Sky Trade Credit, LLC, n/k/a GreenSky, LLC by and through undersigned counsel, and without waiving any other rights regarding the proper forum[1] for addressing any claims from the Plaintiffs, hereby submits this Joint Motion to Dismiss and Memorandum in Support of its Motion to Dismiss Plaintiffs' [Second] Amended Complaint under Fed. R. Civ. P. Rule 12.[2] Because the Plaintiff's Amended Complaint fails to state a claim under applicable law, all claims as against this Defendant must be dismissed.

## INTRODUCTION

In their Second Amended Complaint[3] (hereafter "Complaint"), filed on January 8, 2016, as ECFN-022, Plaintiffs assert four (4) enumerated causes of action against Green Sky Trade Credit, LLC, n/k/a GreenSky, LLC ("GreenSky"), as follows: (Claim 1) S.C. Unfair Trade

---

[1]  GreenSky here specifically provides notice to Plaintiffs and reserves its rights to move to compel arbitration of this dispute, and to enforce any applicable class action waiver provisions as between the parties.

[2]  As provided for in Local Rules 7.04-05, D.S.C., GreenSky submits this motion and memoranda in one document.

[3]  In state court, Plaintiffs filed their initial Complaint on Nov. 5, 2015 as C/A No.: 2015-CP-42-04586, and then filed their First Amended Complaint on Nov. 12, 2015, which was then served on GreenSky, and then the case was removed to this Court.

Practices Act, S.C. Code § 39-5-10 *et seq.*; (Claim 4) negligent supervision; (Claim 5) negligence / gross negligence; and (Claim 6) S.C. Consumer Protection Code, S.C. Code § 37-1-101 *et seq.* In Paragraph "F" on page 2 of their Complaint, and on page 10 at Paragraph 4, Plaintiffs purport to allege a claim for a declaratory judgment of strict tort liability against all defendants.

Plaintiffs do not allege sufficient facts to state a claim against GreenSky for any of these four enumerated causes of action, or for a declaratory judgment. In brief summary, Plaintiffs' claims against GreenSky should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for at least the following reasons:

- Plaintiffs' first claim against GreenSky as alleged under the S.C. Unfair Trade Practices Act, S.C. Code § 39-5-10 *et seq.* (hereafter "UTPA") fails because the Plaintiffs make no allegations of any acts by GreenSky that were deceptive or unfair, and also because the Complaint necessarily fails to allege how any such unspecified acts could have caused any damages to Plaintiffs;

- Plaintiffs' fourth claim against GreenSky for negligent supervision fails because Plaintiffs do not allege any of the elements necessary to establish such a claim. Specifically, Plaintiffs do not identify any GreenSky employee, much less allege a GreenSky employee intentionally harmed Plaintiffs while acting outside the scope of his or her employment; nor do Plaintiffs allege that GreenSky knew or should have known that any specific employee posed an "undue risk of harm to the public;"

- Plaintiffs' fifth claim for negligence / gross negligence against GreenSky fails because, in addition to the fact that Plaintiffs allege no recognized duty of care owed by GreenSky to Plaintiffs plausibly arising from the facts as plead, Plaintiffs' negligence claims are barred by the "economic loss rule;"

- Plaintiffs' sixth claim alleging against GreenSky under the Consumer Protection Code fails to identify any specific provision of the S.C. Consumer Protection Code allegedly violated by GreenSky, and also should fail for the additional reason that the Complaint does not identify how GreenSky is a "creditor" as that term is defined in the code;

- Plaintiffs additionally fail to allege any basis for the "Declaratory Judgment as to [South Carolina] law regarding strict liability for unreasonably dangerous activities," as referenced and requested first on page 2 at Paragraph "F" and later in the Plaintiffs' Prayer for Relief on page 10 at sub-paragraph 4, because Plaintiffs' Complaint does not state a claim for a declaratory judgment or any other claim for strict liability, and because GreenSky is not a seller of any product.

Because Plaintiffs have failed to state any actionable claim as against GreenSky, GreenSky respectfully requests an order dismissing all claims against it.

<u>**PLAINTIFFS' FACTUAL ALLEGATIONS**</u>

According to the Complaint, Plaintiffs' claims arise out of their purchase of a solar panel system for their home in Spartanburg County, South Carolina, from Defendant Energy Conservation Solutions, Inc. ("ECS"). Plaintiffs allege they agreed to purchase their solar panel system after ECS "conduct[ed] [a] home solicitation regarding solar panel systems at Plaintiffs' residence in Spartanburg County," on April 28, 2014. (<u>Comp.</u> ¶ 8). That same day, Plaintiffs allege they and ECS executed a "sales agreement regarding the purchase and installation of [the] solar panel system," whereby Plaintiffs agreed to pay ECS $29,095.00 for the system. (<u>Id.</u> at ¶¶ 9, 12).

The Plaintiffs' problems, as set forth in their Complaint, arise from allegations that the "solar panel system," failed to "work properly" (<u>Comp.</u> ¶¶'s 25-26), that their power bills "substantially increased" (<u>Comp.</u> ¶ 27), and that persons performing electrical work were unlicensed (<u>Comp.</u> ¶¶'s 23-24). There are no allegations that GreenSky had anything to do with the manufacture, installation, inspection, supervision, or any other aspect of the solar panel system, apart from financing. The Plaintiffs make no allegations that they made any payments on the loan, or that any interest, fees, or charges were applied incorrectly. Instead, Plaintiffs conveniently declare that the installment loan procedures were "wrongful" (<u>Comp.</u> ¶ 61), and further that they are "entitled to statutorily provided damages." (<u>Comp.</u> ¶ 62).

In fact, other than in the caption, the Complaint's only [4] allegations with respect to

---

[4] The Complaint also refers to GreenSky on pages 6 and 10, but only for purposes of identifying GreenSky as a Defendant subject to the Plaintiffs alleged (Claim 1) UTPA and (Claim 6) SC CPC claims, as follows: (i) at page 6, between ¶¶'s 31 and 32: identifying GreenSky as a UTPA claim Defendant; and (ii) at page 10, between ¶¶'s 57 and 58: identifying GreenSky as a SC Consumer Protection Code claim Defendant. No specific factual allegations are set forth with respect to GreenSky between ¶¶'s 18 and 55.

GreenSky are included in ¶¶'s 5, 13-15, 16-17, 56(d), and 60-62, as follows:

- ¶ 5: setting forth jurisdictional allegations for GreenSky, specifically that is is a Georgia corporation, registered to do business and doing business in South Carolina;

- ¶ 13: stating, "That Plaintiffs received a letter from Defendant GreenSky dated April 29, 2014 stating that Plaintiffs obtained a 'GreenSky Installment Loan' with a credit limit of $25,000.00;"

- ¶ 14: stating, "That Plaintiffs had not executed an agreement with GreenSky regarding the financing of the solar system;"

- ¶ 15: stating, "That Defendant GreenSky sent Plaintiffs multiple bills for finance and interest charges;"

- ¶ 16: stating, "That Plaintiffs received notification from Defendant GreenSky regarding use of personal information, which states that Defendant SunTrust is the actual provider of the notification;"

- ¶ 17: stating, "Upon information and belief, Defendant GreenSky is affiliated with or is an agent of Defendant SunTrust in connection with the financing of the solar panel system;"

- ¶ 56(d): stating, "That all Defendants breached all duty of care owed to Plaintiffs and this failure constitutes negligence. … (d) Defendants GreenSky and SunTrust breached their duty to Plaintiffs by failing to properly inform Plaintiffs of the financing agreement";

- ¶ 60: stating, "That Defendants GreenSky, SunTrust and ECS **are creditors** pursuant to the Consumer Protection Code," (bold emphasis added);

- ¶ 61: stating, "That Defendants GreenSky, SunTrust and ECS committed multiple violations of Consumer Protection Code by engaging in **wrongful installment loan procedures** with Plaintiffs," (bold emphasis added); and

- ¶ 62: stating, "That Plaintiffs are **entitled to the statutorily provided damages** due to the violations of the Consumer Protection Code by Defendants GreenSky, SunTrust and ECS," (bold emphasis added).

Accordingly, the Complaint only makes substantive factual allegations about GreenSky that allegedly relate to the Plaintiffs in ¶¶'s 13, 14, 15, 16, 17, 56(d), 61 and 62, as set forth above.

The Complaint contains no allegations that GreenSky made any representations or warranties to any Plaintiff, or concerning the Plaintiffs' solar system, before or after it was installed. In fact, apart from the allegations of receipt of items in the mail as set forth in ¶¶'s 13, 14, and 16, there are no allegations of any communications or contact with Plaintiffs by GreenSky.

## **LEGAL STANDARD UNDER RULE 12(b)(6)**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Plaintiffs' Complaint must, at a minimum, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must assume the truth of Plaintiffs' well-pled allegations when considering the present Motion to dismiss, the Court can ignore legal conclusions drawn from the facts, as well as unwarranted inferences. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Nor should the Court assume that Plaintiffs can prove facts or violations that they have not alleged. Estate Constr. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 221 (4th Cir. 1994).

While Plaintiffs are not required to provide detailed factual allegations in their Complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs' Complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face," showing "more than a sheer possibility that the defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 70). It is therefore not sufficient for Plaintiffs to allege facts that are "merely consistent with" a defendant's liability. Id. Instead, the factual allegations must produce an inference of liability strong enough to nudge Plaintiffs' claims "across the line from

conceivable to plausible." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 256 (4th Cir. 2009).

"The allegation that [a Defendant's] actions directly and proximately caused [Plaintiffs'] injuries does not satisfy the Rule 8 pleading standard described in <u>Twombly</u> and <u>Iqbal</u>. Rather, it is a legal conclusion that the court need not accept for purposes of [a] motion to dismiss." <u>In re: MI Windows & Doors, Inc. Products Liab. Litig.</u>, 908 F. Supp. 2d 720, 725 (D.S.C. 2012).

## **ARGUMENTS**

### A.    **Plaintiffs' Complaint fails to state a UTPA claim against GreenSky**

To establish a claim for Unfair Trade Practices in South Carolina, a plaintiff must show: "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." <u>Wright v. Craft</u>, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (citing S.C. Code Ann. §§ 39-5-10 to 560). As set forth above, in their Complaint, Plaintiffs make no allegations that could establish a claim under the UTPA.  Not even the Plaintiffs' recitation allegations in ¶¶'s 32-39 purporting to set forth the UTPA elements can save this claim with respect to GreenSky. Specifically, in ¶¶'s 34 and 36, where the Plaintiffs attempt to set forth allegations in support of the second element above requiring an "unfair or deceptive act," the Complaint alleges, "That Plaintiffs suffered a pecuniary loss based on Defendants· deceptive assurances." Nowhere in the Complaint is it alleged that GreenSky made any "assurances" to the Plaintiffs. For this reason alone, the UTPA claim must fail, as it fails to allege any act of GreenSky that was "unfair or deceptive."

The Complaint also fails to allege any damages caused by GreenSky in support of their UTPA claim. <u>Payne v. Holiday Towers, Inc.</u>, 283 S.C. 210, 216, 321 S.E.2d 179, 182 (Ct. App.

1984) (stating, "Although the Act does not define the term 'actual damages,' we hold that the term means common law damages, or the difference in value between that with which the plaintiff parted and that which he received."). The Complaint is silent with respect to any amount with which the Plaintiffs "parted," therefore, no damages are even asserted with respect to GreenSky, much less caused by GreenSky. Taylor v. Medenica, 324 S.C. 200, 220, 479 S.E.2d 35, 45 (1996) (holding certain damages were recoverable under UTPA, and others were not due to lack of proof of causation). As noted above, Plaintiffs' Complaint nowhere even claims any payments were made on the allegedly wrongful installment loan.

The Plaintiffs' UTPA claim, with its allegations regarding "false assurances" and "deceptive assurances" (Comp. ¶¶'s 34 and 36) attempts to restate the same allegations that would support their fraud and negligent misrepresentation claims, however, the Complaint fails to identify any such "assurances" from GreenSky that were false or deceptive in any respect. Even if we were to assume that the Complaint alleged some specific improper act regarding the loan or the loan documentation by GreenSky, such assumed facts would still have no plausible link to the allegations of problems with the installation of the Plaintiffs' solar panel system.

Because the Complaint fails to set forth facts in support of all elements, Plaintiffs' UTPA claim against GreenSky must be dismissed.

**B.     The Complaint does not state a claim for negligent supervision**

The South Carolina Supreme Court has held that an employer is under a duty in some circumstances "to exercise reasonable care to control an employee acting outside the scope of his employment." Degenhart v. Knights of Columbus, 309 S.C. 114, 116, 420 S.E.2d 495, 496 (1992). As set forth in Degenhart and subsequent South Carolina appellate cases:

An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to

enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control.

Doe v. Bishop of Charleston, 407 S.C. 128, 139, 754 S.E.2d 494, 500 (2014) (citing Degenhart, supra). Here, Plaintiffs have failed to allege any of the key elements of a negligent supervision claim.

There are no allegations regarding any employee of GreenSky, much less that any employee acted outside the scope of his or her employment. Plaintiffs have not alleged any GreenSky employee intentionally harmed them. Finally, there is no allegation that any GreenSky employee or agent harmed Plaintiffs while on any premises controlled by GreenSky or using any chattel of GreenSky. See Kase v. Ebert, 392 S.C. 57, 64, 707 S.E.2d 456, 459-60 (Ct. App. 2011) (holding truck driver's employer not liable because altercation did not occur on employer's property and did not involve employer's chattel).

Because the Complaint fails to set forth facts in support of all required elements, Plaintiffs' negligent supervision claim against GreenSky must be dismissed.

**C.     The Complaint fails to state a claim for negligence or gross negligence**

In a negligence action, the plaintiff must show: (1) the specific defendant owes a duty of care to the specific plaintiff; (2) the defendant being sued breached the duty by a negligent act or omission; (3) the defendant's breach was a proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages which are recoverable in a negligence action. Brooks v. GAF Materials Corp., 41 F. Supp. 3d 474, 484 (D.S.C. 2014). Whether a legal duty exists is a question of law for the court. Id.

Other than a general allegation that the solar panel system purchased from ECS was defective and did not perform as Plaintiffs expected, the Complaint does not allege what is

defective about the solar panel system. Still further, the Plaintiffs' Complaint alleges only economic damages, not personal injuries. The Complaint contains only a general allegation that the "Defendants" as a group acted negligently or in a grossly negligent manner, but the pleading contains no specific allegations of any negligent act committed by a servant or employee of GreenSky.

Taken in the light most favorable to the Plaintiffs, the Complaint alleges a contractual relationship with GreenSky for funding of the loan to purchase the solar system. There are no allegations of any special relationship between the parties that would create any duties owed to the Plaintiffs by GreenSky. <u>Regions Bank v. Schmauch</u>, 354 S.C. 648, 671, 582 S.E.2d 432, 444 (Ct. App. 2003) (holding "normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature.").

Additionally, Plaintiffs' negligence / gross negligence claim against GreenSky is barred by South Carolina's "economic loss rule." The only damages Plaintiffs allege are unspecified defects in the solar panel system itself and Plaintiffs' unfulfilled economic expectation related to how the solar panel system has performed. (<u>Comp</u>. ¶¶'s 25-26). Plaintiffs do not allege any injury to their persons or to property other than the solar panel system. <u>See</u> <u>e.g.</u>, <u>Sapp v. Ford Motor Co.</u>, 386 S.C. 143, 687 S.E.2d 47 (2009) (holding "economic loss rule precluded the [plaintiff's] tort claims," including plaintiff's claims for negligence).

For these reasons, Plaintiffs' negligence claim against GreenSky must also be dismissed.

### D.     The Complaint fails to state a Consumer Protection claim against GreenSky

To establish a claim under the Consumer Protection Code ("CPC"), it appears the plaintiff must establish: (1) that he or she is a consumer; (2) that the defendant is a "creditor" as that term is defined in the code; and (3) that the defendant creditor violated a specific section of the CPC.

S.C. Code Ann. §§'s 37-1-101 *et seq.*; see also Sullivan, Elements of Causes of Action at 85 (4th ed. 2009). Even if it is assumed that elements (1) and (2) are met above, the Plaintiffs' failure to allege any specific facts that would constitute a violation of the CPC amongst its extensive provisions shows that the existence of a CPC claim on the facts as presently plead is, at best, possible, not plausible. For this reason alone, and to effectuate the policy of protecting defendants from being haled into court to defend allegations of possibility, the Plaintiffs' CPC must be dismissed. See supra., Iqbal and Twombly.

Rule 8 and the cases interpreting same do not require a defendant responding to a Complaint to guess which of so many statutory provisions, for example in the CPC, the Plaintiffs allege apply to their claim. The Plaintiffs set forth no specific facts regarding the installment loan or any specific statutory section violated. This shows that the Plaintiffs themselves have not yet identified any specific violation of the CPC to allege as against GreenSky, otherwise it could have been referenced in this, their Second Amended Complaint.

Examination of the allegations in ¶¶'s 60 and 61 only further shows this to be the case:

- "61. That Defendants GreenSky, SunTrust and ECS committed multiple violations of Consumer Protection Code by engaging in wrongful installment loan procedures with Plaintiffs."

- "62. That Plaintiffs are entitled to the statutorily provided damages due to the violations of the Consumer Protection Code by Defendants GreenSky, SunTrust and ECS."

Vague allegations of "multiple violations," and "wrongful installment loan procedures," are just that, non-specific allegations which, if allowed, could *possibly* support a claim as against any party to a lending related transaction. (Comp. ¶ 61). Similarly, the Complaint at ¶ 62 concludes "Plaintiffs are entitled to the statutorily provided damages." (underline emphasis added). While

this type of allegation would not run afoul of <u>Iqbal</u> and <u>Twombly</u> if there were more specific allegations of what conduct is at issue and how it could plausibly have violated the CPC, that is not what is before this Court in the Plaintiffs' Second Amended Complaint.

For these reasons, the Plaintiffs' CPC claim must be dismissed until such time as the Plaintiffs can plead a claim within the realm of "plausibility," as required by the cases and rules cited above and herein.

F.      **The Complaint fails to state a claim for strict liability against GreenSky**

In their opening paragraphs on page 2 and Paragraph "F," and in their Prayer for Relief on page 10 at sub-paragraph 4, Plaintiffs ask the Court "[f]or a Declaratory Judgment as to SC law regarding strict liability for unreasonably dangerous activities and the encompassing of the instant activities." As a threshold matter, the Complaint does not contain a cause of action designated "strict liability," or "strict products liability," or otherwise assert a claim sounding in strict liability. The applicable statutory provisions for a declaratory judgment are not cited anywhere in the Complaint, under either the state or federal statute. The Complaint simply includes a cause of action for "declaratory judgment." Other than positing the words "strict liability," on a few pages of the Complaint, it does not state the claim for which a right to a declaratory judgment under the South Carolina Uniform Declaratory Judgment Act or the federal Declaratory Judgment Act.

Even if Plaintiffs had attempted to assert some type of claim for strict liability (which they do not), any such claim against GreenSky would fail as a matter of law. The Complaint fails to allege a claim against GreenSky under South Carolina's strict products liability statute, S.C. Code Ann. § 15-73-10.

There is no evidence or allegation that GreenSky sold Plaintiffs any product. <u>See</u> S.C. Code Ann. § 15-73-10 (imposing strict liability on "[o]ne who sells [a] product in a defective condition

11

and unreasonably dangerous"). As discussed above, the only damages alleged by Plaintiffs are the defective solar panel system itself and alleged economic losses flowing from supposed related defects. These damages are not recoverable in a strict products liability action in South Carolina. See Laurens Elec. Co-op, Inc. v. Altec Inds., Inc., 889 F.2d 1323, 1326 (4th Cir. 1989).

## **CONCLUSION**

For the reasons set forth above, Defendant GreenSky respectfully requests that the Court grant its Motion to dismiss Plaintiffs' claims without prejudice.

**WESLEY D. FEW, LLC**

__s/Wesley D. Few_____
Wesley D. Few, Fed. Id. No. 07371
1527 Blanding Street, Suite 203
Post Office Box 11546
Columbia, South Carolina 29211
(803) 223-6942 (office)
wes@wesleyfew.com

ATTORNEYS FOR DEFENDANT GREENSKY
TRADE CREDIT, LLC, N/K/A GREENSKY, LLC

January 25, 2016
Columbia, South Carolina