IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frederick Charles Davy and Sharon Lee Davy, and on behalf of a Class of Individuals Similarly Situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 7:15-cv-4927-MGL |
| Duck Energy Carolinas, LLC, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiffs brought this putative class action in Spartanburg County, South Carolina Court of Common Pleas on November 12, 2015. (ECF No. 1-1). On December 11, 2015, Defendants removed the action to this Court, asserting both federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1441(a) and federal jurisdiction pursuant to "CAFA," the Class Action Fairness Act, as codified at 28 U.S.C. §§ 1332(d) and 1453. (ECF No. 1).

The matter now comes before the Court on Plaintiffs' Motion to Remand, (ECF No. 25), filed on January 11, 2016. Defendants Duke Energy Carolinas, LLC, ("Duke Energy"), Energy Conservation Solutions, Inc., ("Energy Solutions"), and Greensky Trade Credit, LLC, ("GreenSky"), each responded in opposition. (ECF Nos. 39-41). Also pending with the Court are the respective Motions to Dismiss, (ECF Nos. 30, 31, and 33), of Defendants Duke Energy, Greensky, and Spartanburg County Building Codes and Fire Services. ("Spartanburg County"). The Court has carefully considered all of the pleadings, motions and memoranda of the parties relevant to these pending matters, and these matters are now ripe for disposition.

1

# PLAINTIFFS' MOTION TO REMAND

After filing the current, operative Amended Complaint in this action, (ECF No. 22), Plaintiffs moved for remand. (ECF No. 25). In their brief in support of remand, Plaintiffs maintain that the removal from Spartanburg County of their prior state court filed Complaint was defective under 28 U.S.C. § 1332(d)(4), a provision of CAFA sometimes referred to as the "local controversy exception." (ECF No. 25-1 at pp. 3-4). Having reviewed the parties' submissions on this matter, however, the Court has little trouble concluding that federal jurisdiction exists, and that Plaintiffs' Motion to Remand, (ECF No. 25), is properly DENIED.

CAFA amended federal diversity requirements to establish a more lenient standard for removal of class actions. *See Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). In order to establish federal jurisdiction under CAFA, removing defendants need only show that: (1) the putative class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)(2)). Contrary to Plaintiffs' assertion, there is no anti-removal assumption where the basis of removal is CAFA. Indeed, if a matter has been properly removed, CAFA's provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court. Id. at 554.

In their brief, Plaintiffs do not appear to dispute that the above three basic requirements for CAFA jurisdiction are met. Instead, they argue that the Court should nonetheless decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4), the so-called "local controversy exception." *See* ECF No. 25-1 at pp. 5-6. This provision provides that a district court should refuse jurisdiction over any putative class in which, among other features, more than two-thirds of the class members are citizens of the State [here South Carolina] in which the action was originally

filed. Importantly, however, Plaintiffs mistakenly maintain that the burden of establishing this greater than two-thirds local citizenship requirement (along with the several other prongs of § 1332(d)(4)) rests with removing defendants. *See* Id. As Defendants note in their papers, once the basic jurisdictional requirements of CAFA are established, the burden shifts to Plaintiffs to prove out any CAFA exception. *See Estate of Hanna v. Agape Senior, LLC*, 2015 WL 247906 at *1 (D.S.C. Jan 20, 2015); *Mungo v. Minnesota Life Ins. Co.,* 2011 WL 2516934 at *2 (D.S.C. June 23, 2011) (finding that "[P]laintiff has not alleged that the general requirements [of CAFA] are not met in this case. Instead, she argues that the local controversy exception to CAFA jurisdiction applies. The burden is on *her* to establish this exception by a preponderance.") (emphasis added).

Applying these basic principles to the instant case, it is clear that Plaintiffs have not carried their burden of establishing by a preponderance of the evidence all of the elements of the local controversy exception, including the critical first element. Plaintiffs advise in their memorandum of law that "to the best knowledge available to [them], greater than two-thirds of the members of the Plaintiff Class are South Carolina citizens." (ECF No. 25-1 at p. 6). However, Plaintiffs provide no evidence in support of this bare assertion in their memo. Nor do Plaintiffs point to any language in any version of the Complaint (whether the first Amended Complaint, operative on the date of removal, or the second Amended Complaint, filed thereafter in this Court) that describes or limits the scope of the putative class in this regard.

For the foregoing reasons, therefore, Plaintiffs' Motion to Remand, (ECF No. 25), is DENIED.

**DEFENDANTS' MOTIONS TO DISMISS**

Having determined that jurisdiction is valid, the Court will now turn to a consideration of the respective Motions to Dismiss filed by Defendants Duke Energy, (ECF No. 30), Spartanburg County, (ECF No. 31), and Greensky. (ECF No. 33).

*Standard of Review*

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." *Federal Trade Commission v. Innovative Marketing, Inc.*, 654 F.Supp.2d 378, 384 (D. Md. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Spear v. Ernst & Young*, 1994 WL 585815, 2 (D.S.C. 1994) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)).

The United States Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *see also Harman v. Unisys Corp.*, 2009 WL 4506463 *2 (4th Cir. 2009). The Supreme Court added that

while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," courts are to assume the truth of all well-pled factual allegations and to determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.

### *Background*

As noted above, the current, operative complaint in this litigation is the Amended Complaint, (ECF No. 22), filed in this Court on January 8, 2016. Plaintiffs Amended Complaint alleges causes of action for: (1) violation of South Carolina Unfair Trade Practices Act; (2) Fraud; (3) Negligent Misrepresentation; (4) Negligent Supervision; and (5) Negligence / Gross Negligence. Id. at pp. 6-10.[1]

All of Plaintiffs' claims appear to follow from their purchase of a solar panel system for their home in Spartanburg County. (ECF No. 22 at p. 3). Plaintiffs allege that they executed a sales agreement with Defendant Energy Solutions for the purchase and installation of this solar panel system, pursuant to which Plaintiffs agreed to pay $29, 095.00. Id. at pp. 3-4. Plaintiffs further allege that the system in question failed to "work properly," that their power bills "substantially increased," and that persons who performed the work related to the system's installation were unlicensed and inadequate to the task. Id. at p. 5. They press claims against Defendant Energy Solutions as well as several other Defendants who were involved either in the installation, inspection or financing of the system, including Defendant Duke Energy, Defendant Spartanburg County, and Defendant Greensky.

---

[1] As against the particular Defendants who have moved for dismissal here, Plaintiffs allege some but not all of the above listed causes of action. As to Defendant Duke Energy and Defendant Spartanburg County, Plaintiffs allege only causes of action (4) and (5). As to Defendant Greensky, Plaintiffs allege causes of action (1), (4) and (5).

*Discussion*

As an initial matter, the Court notes that it is generally reluctant to dismiss claims this early in a litigation, prior to any discovery whatsoever taking place. However, where a plaintiff fails entirely to plead one or more of the basic, essential elements of a claim, or where a plaintiff offers no meaningful response to a cogent legal argument for dismissal, the Court is constrained to grant dismissal, no matter how early in the litigation.

Here, the Court will GRANT the Motion to Dismiss, (ECF No. 31), of Defendant Spartanburg County and GRANT IN PART the Motions to Dismiss, (ECF Nos. 30 and 33), of Defendants Duke Energy and Greensky.

As against each of these Defendants, Plaintiffs purport to advance a claim for Negligent Supervision. However, as each of the Defendants argue in their briefing, Plaintiffs do not adequately allege several of the critical elements of such a claim, including in particular the element of intentional harm. As Defendants note, in order to hold an employer liable for Negligent Supervision in South Carolina, a plaintiff must show, among other facts, that the employee, acting outside the scope of his employment, intentionally harmed another. *See Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500 (S.C. 2014). Plaintiffs' Amended Complaint simply fails to adequately allege this and other critical elements of a claim for Negligent Supervision against any of the Defendants.

Similarly, each of the moving Defendants challenge as entirely unsupported certain language in the Amended Complaint's Prayer for Relief, wherein Plaintiffs ask the Court "[f]or a Declaratory Judgment as to SC law regarding strict liability for unreasonably dangerous activities and the encompassing of the instant activities." (ECF No. 22 at p. 10). Defendants point out, correctly, that the Amended Complaint includes no cause of action based in strict liability, no cause

of action for declaratory judgment, or even a recitation of the basic elements necessary to establish a right to a declaratory judgment under either state or federal law. As Plaintiffs offer no response or explanation whatsoever in their briefing as to these shortcomings, the Court has no trouble concluding that to the extent that the Amended Complaint attempts to advance claims for declaratory relief against the moving Defendants, those claims are properly dismissed.

Turning next to the Fifth Cause of Action of the Amended Complaint, alleging Negligence and/or Gross Negligence against each of the Defendants, Defendant Spartanburg County moves to dismiss this cause of action, citing a provision of the South Carolina Tort Claims Act (SCTCA), which provides that "[a] government entity is not liable for a loss resulting from regulatory inspection powers or functions, including failure to make an inspection, or making an inadequate or negligent inspection, of any property to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety." S.C. Code § 15-78-60 (13). As Defendant Spartanburg County notes, to the extent that the Amended Complaint specifies a duty of care that the county is alleged to have owed to Plaintiffs and breached in this case, it is a duty to "properly inspect." (ECF No. 22 at p. 9). However, under the terms of the above cited provision of the SCTCA, no government entity, including a county, may be held liable for loss resulting from a negligent inspection. Presented with this statutory language, and in the absence of any statutory or case law based legal argument against dismissal offered by Plaintiffs, the Court concludes that the Fifth Cause of Action of the Amended Complaint alleging Negligence is properly dismissed as to Defendant Spartanburg County.

Finally, although the Court is not prepared at this very early stage in the litigation to dismiss any other claims, the Court would note that several of the other arguments for dismissal of claims

urged by Defendants Duke Energy and Greensky appear to have at least some merit and, of course, may be re-presented to the Court at an appropriate later stage in the litigation.

**WHEREFORE** it is **ORDERED** that: (1) Plaintiffs' Motion to Remand, (ECF No. 25), is **DENIED**; (2) Defendant Spartanburg County's Motion to Dismiss, (ECF No. 31), is **GRANTED**; and (3) Defendant Duke Energy's Motion to Dismiss, (ECF No. 30), and Defendant Greensky's Motion to Dismiss, (ECF No. 33), are both **GRANTED IN PART** and **DENIED IN PART**.

As a result, Plaintiffs' Amended Complaint, (ECF No. 22), is dismissed as to Defendant Spartanburg County, and Plaintiffs' claims for Negligent Supervision and Declaratory Judgment are dismissed as to Defendant Duke Energy and Defendant Greensky.

**IT IS SO ORDERED.**

s/Mary Geiger Lewis<br>United States District Judge

March 4, 2016
Columbia, South Carolina